# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2021-03-0759

AUTUMN RIDLER
135 Meadowdale Ave
Rittman, OH, 44270

-VS-                                                                                  **SUMMONS**

JO-ANN STORES, LLC
4400 Easton Commons Way, Ste # 125
c/o CT Corporation System, Stat. Agent
COLUMBUS,   OH   43219

**TO the following:**

JO-ANN STORES, LLC
4400 Easton Commons Way, Ste # 125
c/o CT Corporation System, Stat. Agent
COLUMBUS, OH   43219

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

F. BENJAMIN RIEK III
21 Furnace St.
Suite 808
Akron, OH   44308

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

March 11, 2021

**EXHIBIT A**

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **AUTUMN RIDLER** | ) | **CASE NO.** |
| **135 MEADOWVALE AVE.** | ) | |
| **RITTMAN, OHIO 44270** | ) | |
| | ) | **JUDGE** |
| **PLAINTIFF** | ) | |
| | ) | |
| V. | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **JO-ANN STORES LLC** | ) | |
| **c/o CT CORPORATION SYSTEMS** | ) | |
| **4400 EASTON COMMMONS WAY** | ) | |
| **SUITE 125** | ) | |
| **COLUMBUS, OHIO 43219** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

Now comes Plaintiff Autumn Ridler pursuant to Civ. R. 8 and files her complaint against Joann Fabrics and would show the Court as follows:

## I.　PARTIES

1. Plaintiff Autumn Ridler is an individual residing in Rittman, Ohio and at all times relevant hereto was an employee as that term is defined by R.C. §4112.01(A)(2) and 29 U.S.C. §2611(2).

2. Defendant Jo-Ann Stores LLC is an Ohio Limited Liability Corporation operating retail stores under the name Jo-Ann Fabrics. Jo-Ann Stores may be served with process by serving CT Corporation Systems, 4400 Easton Common Ways, Suite 125, Columbus, Ohio 3219. At all times relevant hereto Defendant is an employer as defined by R.C. §4112.01(A)(3) and 29 U.S.C. §2611(4).

## II.　JURISDICTION

3. Jurisdiction of this matter is conferred upon this Court pursuant to R.C. §4112.99 and 29 U.S.C. §2617(a)(2) of the Family Medical Leave Act.

1

### III. VENUE

4. Venue of this matter is properly before this Court as the events that give rise to Plaintiff's claims occurred in Summit County, Ohio.

### IV. BACKGROUND FACTS

5. Plaintiff was initially hired as part time employee in September 2016. In May 2018 plaintiff became a full-time employee. At that time, she held the position an Inventory Coordinator for Defendant's Fairlawn, Ohio store.

6. Over the succeeding two plus years she was assigned different positions including assistant store manager, inventory coordinator, key holder and acting store manager.

7. As of January 2020, plaintiff held the position of inventory coordinator.

8. She performed her duties in an exemplary manner earning her raises and promotions from Jo-Ann.

9. Plaintiff developed spinal stenosis and lumbar spondylosis that required her to take leave pursuant to the Family Medical Leave Act.

10. Defendant approved this leave request effective on June 18, 2020. In addition, Plaintiff was placed on short term disability effective on the same date.

11. During this leave Plaintiff underwent physical therapy to improve her condition.

12. On or about July 30, 2020 Plaintiff underwent a Physical Capacity Evaluation that found she was able to resume the essential functions of her duties with return to work recommendations.

13. Plaintiff was cleared by her medical provider to return to work on August 17, 2020 with a weight-lifting restriction of 40 lbs. and 15 minutes rest every hour.

14. When Plaintiff informed Defendant she was able to return to work, she was informed that

she would not be allowed to return to work until she was able to lift 50 lbs.

15. Before she took FMLA leave she was not subject to a 50 lbs. weight-lifting requirement.

16. At least one other employee with a back injury at the Fairlawn store was permitted to perform her duties which were substantially similar to Plaintiff's with an accommodation of sitting rest periods every hour.

17. Plaintiff's FMLA expired on September 10, 2020.

18. Despite the requirements of the FMLA to return Plaintiff to her previous position or one substantially similar upon clearance from her medical provider that she was able to return to work as required by 29 C.F.R. §825.214, Defendant refused to allow Plaintiff to return to work while demanding she could not return until he could meet the 50 lbs. lifting requirement.

19. Defendant refused to accept the Plaintiff's reasonable requests for an accommodation as set forth above and terminated her employment on or about October 6, 2020 by way of a voicemail from the assistant store manager.

## V.     FAMILY MEDICAL LEAVE ACT

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 inclusive as of fully rewritten herein.

21. The foregoing conduct in refusing to return Plaintiff to her previous position with Jo-Ann Fabrics after she was cleared to return to work and later terminating her employment constitutes interference with Plaintiff's FMLA rights in violation of 29 U.S.C. §2615(a)(1).

22. In addition, Defendant's conduct as set forth above constitutes discrimination against Plaintiff for interference with the exercise of her rights in violation of 29 U.S.C. §2615(a)(2).

23. As a result of the foregoing conduct, Plaintiff is entitled to recover her lost wages and

other benefits lost as a result of the termination of her employment as provided for in 29 U.S.C. §2617(a)(1)(A)(i)(I), interest to be calculated at the prevailing rate and an amount of liquidated damages equal to her lost wages and benefits pursuant to 29U.S.C. §2617(a)(1)(A)(iii).

24. Plaintiff is also entitled to recover her reasonable and necessary attorney fees and the costs of this action pursuant to 29. U.S.C. §2617(a)(3).

### VI.　DISABILITY DISCRIMINATION

25. Plaintiff incorporates the allegations contained in paragraphs 1 through 24 inclusive as if fully rewritten herein.

26. The foregoing conduct of Defendants in imposing new weight-lifting requirements in order to permit Plaintiff to return to work and its failure to engage in the interactive process constitutes disability discrimination in violation of R.C. §4112.02(A)(2).

25. Defendant regarded Plaintiff as having a disability of having had a history of a disability.

26. As a result of the foregoing violations of the R.C. §4112.02(A), Plaintiff has suffered economic losses in the form of lost wages and benefits and future earnings and benefits in an amount to be determined at trial.

27. In addition, Plaintiff has suffered consequential damages in the form of mental anguish, fear, depression, anxiety and pain and suffering among other reactions to Defendant's conduct as set forth above in an amount to be determined at trial.

28. Defendants conduct as set forth above was willful and intentional and warrants the imposition of punitive damages, including her reasonable and necessary attorneys' fees and the costs of this action.

WHEREFORE for the foregoing reasons, Plaintiff requests judgment as follows:

  A. That Plaintiff be reinstated to her prior position as an Inventory Coordinator with Defendant;

  B. That Plaintiff be awarded her lost wages and benefits in an amount to be determined as trial;

  C. That Plaintiff be awarded liquidated damages in an amount equal to twice her economic losses;

  D. That Plaintiff be awarded her non-economic damages in the form of pain and suffering as well as mental anguish;

  E. That Plaintiff be awarded her reasonable and necessary attorney's fees and the costs of this action; and

  F. That Plaintiff be awarded such other and further relief as may be deemed just and equitable.

          Respectfully Submitted,

          */s/ F. Benjamin Riek III*
          F.Benjamin Riek III (0022703)
          Law Offices of F. Benjamin Riek III
          755 White Pond Dr., Suite 403
          Akron, Ohio 443220
          (330) 864-8604
          Fax (330) 864-7517
          Email: fbenjaminr@msn.com

          Counsel for Plaintiff

## JURY DEMAND

Pursuant to Civ. R. 38, Plaintiff requests a trial by jury on all issues so triable.

          */s/ F. Benjamin Riek III*

*Sandra Kurt, Summit County Clerk of Courts*

EXHIBIT A

6

*Sandra Kurt, Summit County Clerk of Courts*

EXHIBIT A